IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,          :

         Plaintiff,                :

    v.                             :     Case No. 2:08-cr-075(3)

Leonel A. Pena, III,               :     JUDGE GRAHAM

         Defendant.                :

DETENTION ORDER

    The Court held a detention hearing in this case on
May 5, 2008.    After hearing argument, the Court detained the
defendant without bond.  The reasons for that action are set
forth below.

    Defendant was indicted and charged with the attempted
distribution of over 100 kilograms of marijuana.  That offense
allegedly occurred on April 16, 2008.  The indictment
demonstrates probable cause to believe that the defendant
committed the offense.  The charge carries with it a presumption
of detention, explained as follows.

    Legal Standard Applicable. The United States' request
for detention is based primarily upon the presumption that
arises under 18 U.S.C. §3142(e) for persons charged with serious
drug offenses and certain firearm offenses.  That statute states,
in pertinent part, that:

         Subject to rebuttal by the person, it
         shall be presumed that no condition or
         combination of conditions will reasonably
         assure the appearance of the person
         as required and the safety of the
         community if the judicial officer
         finds that there is probable cause to
         believe that the person committed an

> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts
supporting a finding that no condition or combination of
conditions will reasonably assure the safety of any other person
and the community, such facts must be proved by clear and
convincing evidence.  However, if detention is based upon a
finding that no condition or combination of conditions will
reasonably assure the appearance of the person as required, proof
by a preponderance of the evidence is sufficient.

     The proper effect to be given to the rebuttable
presumption created by a charge under the Controlled
Substances Act is discussed in United States v. Jessup, 757
F.2d 378 (1st Cir. 1985).  There, the Court indicated that
the presumption shifts the burden of producing evidence to
the defendants, and also remains in the case even after the
defendants have satisfied their production burden.  Further,
because the history of the statute indicates that Congress
had in mind a specific set of circumstances relating to drug
offenses which led to the adoption of the rebuttable
presumption, it is appropriate for a Court addressing the
issue of detention to determine how closely the facts of the
case before the Court parallel those of the "Congressional
paradigm," or profile of those drug offenders who present the
most serious risk of flight or danger to the community.  That
paradigm, in brief, indicates a Congressional awareness of
the lucrative nature of drug trafficking, and the fact that
many persons engaged in that occupation have substantial ties
outside the United States.  Consequently, even if a high

monetary bond is set for such persons, they are able, through
the use of proceeds derived from drug trafficking, to post
such bond, and are also able to flee the country because of
their contacts elsewhere.

In order to attempt to rebut the presumption of detention
arising from charges under the Controlled Substances Act or other
applicable statute, the defendant need not attempt to prove that
he or she did not commit the crime as charged.  Rather, that
burden can be met by introducing evidence of other appropriate
factors as described in 18 U.S.C. §3142(g), including personal
history and characteristics relating to character, family ties,
employment, financial resources, length of residence in the
community, community ties, past conduct, history relating to drug
or alcohol abuse, criminal history, and record concerning
appearance in court proceedings.  If any such evidence is
introduced, the presumption cannot be used by the Court as
conclusive evidence that the defendant poses an unacceptable risk
to the community or that conditions will not reasonably assure
the defendant's appearance.  United States v. Dominguez, 783 F.2d
702 (7th Cir. 1986).  However, that presumption still remains in
the case to be given whatever weight the Court deems appropriate.

In addition to the indictment, the Court had before it a
statement given to law enforcement officials to the effect that
the defendant had traveled to Ohio from Texas in order to pick up
money being paid for a large shipment of marijuana.  Based on
that statement, the evidence against the defendant appears to be
strong.

The Pretrial Services report contains little positive
information about the defendant.  He has no ties to Ohio, having
lived in Texas for most of his life.  He has been self-employed
for the most part and his employment has not been verified.
Perhaps most significantly, he already has one felony marijuana

-3-

conviction, and now appears to be engaged in the same or similar criminal conduct.  In the Court's view, the defendant simply did not rebut the presumption present in this case that he is both a danger to the community and a risk of flight.  For all of these reasons, the Court detained the defendant without bond pending trial.

The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge